C. H. WARD, as *Administrator of the Estate of Elizabeth S. Callahan, deceased,* v. A. T. CALLAHAN.

JUDGMENT — *Vacation — Jurisdiction — Sale by Administrator.* Where an administrator was proceeding, under an order of the probate court, to sell real estate to pay the debts of the deceased wife, and the husband commences an action in the district court to restrain such sale, and the administrator answers, and upon a final hearing the court perpetually enjoins the sale of the property, and there was no motion for a new trial or exceptions taken, such judgment is final; and it is not error for the district court to refuse to set the same aside upon motion, for the assigned reason that the court had no jurisdiction over the subject-matter of the action, and that the judgment was therefore void.

*Error from Geary District Court.*

THE opinion states the facts.

*Thomas Dever,* for plaintiff in error:

A probate court has jurisdiction to pass upon the homestead question; *Fudge v. Fudge,* 23 Kas. 416; *Johnson v. Cain,* 15 id. 532; and it presumably did so in this case, and ordered the sale of the property; and if so, the order was not void, and therefore cannot be attacked except upon a direct proceed-

ing for that purpose. The remedy by appeal was ample. Gen. Stat. of 1889, ¶ 2974. The proceedings had in the probate court cannot be attacked in this collateral action, except for fraud in obtaining jurisdiction; *Shoemaker v. Brown,* 10 Kas. 383; *Axman v. Dueker,* 45 id. 176; *Higgins v. Reed,* 47 id. 272; and as Callahan makes no charge of fraud, that question is not in the case. The jurisdiction exercised by the district court over executors and administrators in the settlement of the estates of deceased persons is purely equitable. *Kothman v. Markson,* 34 Kas. 542; *Gafford v. Dickinson,* 37 id. 287. And in exercising that jurisdiction it will not convert itself into a court of error. *Burke v. Wheat,* 22 Kas. 722; *Daly v. Pennie,* 25 Pac. Rep. 67. The district court had no jurisdiction to interfere with the lawful order of the probate court in this case, for which reason its judgment is void, and this void judgment should have been set aside on motion. Sec. 575 of the Code; *Hanson v. Wolcott,* 19 Kas. 207; *Foreman v. Carter,* 9 id. 674.

The judgment of a court rendered without jurisdiction is a nullity. *Butcher v. Bank,* 2 Kas. 70; Cooley, Const. Lim· 493. The question of jurisdiction over the subject-matter may be raised at any time. *The State v. Potter,* 16 Kas. 80. It is not necessary to show to the court that the defendant has a valid defense to the action where the judgment is void for the want of jurisdiction of the subject-matter of the action. *Hanson v. Wolcott,* 19 Kas. 207.

*J. R. McClure,* for defendant in error:

The district court had jurisdiction of the parties and the subject-matter, and it is not apparent from the record that any error was made in its finding or judgment. The exercise of the jurisdiction of courts of equity to prevent illegal sales of real estate on judgments and executions is so well established that citation of authorities is unnecessary. Such jurisdiction has never been questioned, and especially when entertained by a superior court, to restrain a sale on judgments of an inferior court. Injunction is a proper remedy even to prevent a cloud

upon title. " Courts of equity freely extend relief for the purpose of preventing an enforced sale under execution of premises in the actual occupancy of the debtor as a homestead, and which are protected from levy and sale under the homestead exemption statutes of the state." 10 Am. & Eng. Encyc. of Law, pp. 809, 810, and numerous decisions cited in note 1. I do not controvert the questions decided in the many cases cited in the brief of counsel for plaintiff in error, but they have no application, and throw no light upon the only question to be considered, viz., is the judgment void upon its face?

The motion filed in the district court to vacate the judgment does not contain any of the grounds, under § 568 of the code, giving power to the district court to vacate or modify its own judgment.

The counsel for plaintiff in error volunteers a statement of the facts on which the district court rendered its judgment. The record does not contain the evidence submitted to the court on the trial, and the statements made are either founded upon his personal knowledge or adopted as facts from the answer of C. H. Ward in the district court. On the evidence produced on the trial, the court found that Callahan was the head of a family, and in the lawful possession of the premises, and occupied the same as a homestead for himself and family. But it is useless to review the facts, findings and judgment further than to ascertain whether the judgment is void upon its face.

Opinion by GREEN, C.: Elizabeth S. Callahan owned lot 14, in block 22, in Junction City, Geary county. On the 9th day of July, 1884, she deeded a one undivided half interest in the property to her husband, who was to assume and pay a mortgage upon the premises for $350. It was expressly stipulated in the deed that the grantee reserved the right to hold and occupy the property during her natural life as a home, and at her death the undivided half interest should go to the heirs of her body. The husband and wife continued to occupy the premises as a homestead until the death of the

latter, which occurred on the 2d day of February, 1886. Each had children by a former wife and husband, but there was no issue of their marriage. The husband had three minor children, who lived with him and his wife. The latter had three married daughters, neither of whom resided upon the premises. Upon the death of the wife, the husband was appointed her administrator, and applied for and obtained from the probate court an order to sell her interest in the premises to pay the debts of the deceased. He then resigned as administrator, and C. H. Ward was appointed administrator *de bonis non,* and was proceeding under the order of the probate court to sell the undivided interest in the property, when he was temporarily enjoined by the judge of the district court, in an action commenced by the husband on the 29th day of September, 1887. This injunction action was finally tried before the district court on the 4th day of April, 1888, when the injunction was made perpetual. There was no motion made for a new trial or exceptions taken to this judgment. On the 5th day of January, 1889, the plaintiff in error filed a motion in the district court to set aside this judgment, for the reason that such judgment was void; that the district court had no jurisdiction over the subject-matter of the action. This motion was overruled by the court on the 3d day of April, 1889, and the plaintiff in error brings the case here upon this jurisdictional question.

The judgment of the district court must be affirmed. The court had jurisdiction of the parties as well as the subject-matter of the action. If, as the plaintiff claimed, the property was a homestead, the probate court had no jurisdiction over it, and had no power to order it sold to pay the debts of the deceased. Injunction is the proper remedy to prevent the sale of property which the law exempts as a homestead The jurisdictional question, both of the probate and district courts, is made to depend upon the question of homestead exemption. The defendant in error filed his petition for an injunction; the plaintiff in error answered. This question of the homestead exemption was thus fairly raised and passed upon by the dis-

trict court. No exceptions were taken and the judgment became a finality, and cannot now be challenged.

It is claimed by the plaintiffs in error that the district court had no authority to interfere with the lawful orders of the probate court, and for that reason the judgment of the district court was void, and should have been set aside. The difficulty with the position of counsel is, that the district court must necessarily have found that the property in question was a homestead, and this finding and judgment left the probate court without jurisdiction; and the proceedings had in the latter court for the sale of the premises were therefore void. "Courts of equity freely extend relief for the purpose of preventing an enforced sale under execution of premises in the actual occupancy of the debtor as a homestead, and which are protected from levy and sale under the homestead exemption statutes of the state." (10 Am. & Eng. Encyc. of Law, 809, and authorities there cited.)

The judgment of the district court should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.